SHIRLEY LAXER et al., Appellants, v. ELMONT CEMETERY, INC., Respondent, et al., Defendants.— Action to recover damages for the alleged negligent interment of the body of plaintiffs' mother and for the alleged unlawful disinterment and reinterment of said body. Plaintiffs, pursuant to an order, examined before trial certain agents of defendant cemetery, who claimed not to have knowledge of the facts concerning which plaintiffs wished to examine, but, by such examination, plaintiffs ascertained the names of the agents having such knowledge. Plaintiffs' motion for a further examination of defendant cemetery by such agents was denied, and plaintiffs appeal. Order reversed, with $10 costs and disbursements, and motion granted, without costs; examination to proceed on five days' notice. Under the circumstances, the motion should have been granted. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

FRANK LESERRA, Appellant, v. TOWN OF HARRISON, Respondent.— In an action for specific performance of an alleged contract for the sale of certain real property, and for other relief, plaintiff appeals from an order granting defendant's motion to dismiss the complaint, and further directing cancellation and discharge of a notice of pendency of action. Order modified on the law, by striking out the second and third ordering paragraphs thereof and by striking out the first ordering paragraph all the matter following the word "dismissed." As so modified, the order is unanimously affirmed, with $10 costs and disbursements to respondent, with leave to appellant to serve an amended complaint within ten days after the entry of the order hereon. The only written memorandum which could constitute the contract of sale, as alleged in the complaint, was the resolution promulgated by defendant's town board, which resolution has been incorporated into and made a part of the complaint. The resolution recites, as conditions of the sale, that adjoining property owners shall have been given notice, and that respondent's planning board shall file its approval with respondent's town clerk prior to preparation of a contract by the town attorney. The complaint, however, fails to allege that these conditions had been met. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.